# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **JOSE EDGAR BENITEZ** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civ. Action No. 3:11-CV-145-M(BH) |
| | § | |
| **TRACY TARANGO** in her capacity as | § | |
| Field Office Director of the U.S. | § | |
| Department of Homeland Security, U.S. | § | |
| **CITIZENSHIP & IMMIGRATION** | § | |
| **SERVICES,** | § | |
| | § | |
| Defendants. | § | PTRL Management |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the order dated February 16, 2011, this case was referred for pretrial management. Based on the relevant filings and applicable law, the case should be **DISMISSED** for lack of service within 120 days.

## I. BACKGROUND

On January 21, 2011, Plaintiff filed this suit against the defendants and paid the filing fee. After he failed to file a valid return of service on the defendant within 120 days of the complaint, the Court issued an order on May 31, 2011, directing him to show cause for his failure to comply with the service requirements of Rule 4. The order expressly stated that if Plaintiff failed to comply with its terms by filing a valid return of service as to the defendants or by showing good cause in writing why service could not be made by June 14, 2011, dismissal of the action without further notice would be recommended. As of this date, Plaintiff has filed no valid return of service to show that he has properly served any defendant. Nor has he shown cause in writing for his failure to do so.

## II. ANALYSIS

Because he paid the fee, Plaintiff was responsible for serving each defendant with a summons and a copy of the complaint case as provided by Rule 4(c) of the Federal Rules of Civil Procedure. He was required to make proper service on the defendants within 120 days of filing a complaint. *See* Fed. R. Civ. P. 4(m). He was also required to file proof of service with the Court unless service was waived. *See* Fed. R. Civ. P. 4(l)(1). Proof consists of "the server's affidavit" if service was not effected by the United States Marshal or a deputy marshal. *Id.*

Where proper service is not made within 120 days of filing a complaint, an action is subject to *sua sponte* dismissal, without prejudice. Fed.R.Civ.P. 4(m). However, dismissal is not proper "if the plaintiff shows good cause for the failure" to properly effect service and a court should extend the time to serve the defendant. *Id.* The plaintiff bears the burden of showing good cause. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988). "To establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (quoting *Peters v. U.S.*, 9 F.3d 344, 345 (5th Cir. 1993)). A plaintiff also may be required to show that the party to be served personally received actual notice of the lawsuit; the defendant would not suffer any prejudice by the court extending the 120-day deadline; and the plaintiff would be severely prejudiced if his complaint were dismissed. *Hickman v. U.G. Lively,* 897 F.Supp. 955, 959 (S.D. Tex. 1995) (citing *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)).

Here, more than 120 days have passed since Plaintiff filed this action, but he has not complied with Fed. R. Civ. P. 4(m) by timely serving the defendants and/or filing proof of valid

service. Nor has he shown cause for his failure to serve the defendants or to file proof of service. Plaintiff's claims against the defendants should therefore be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

## III. CONCLUSION

All claims and causes of action asserted against the defendants should be **DISMISSED** without prejudice to refiling for failure to comply with Fed. R. Civ. P. 4(m).

**SO RECOMMENDED**, this 15th day of June, 2011.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE